LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiffs
SPRINGSEA MARITIME CORPORATION,
CYCLADES SHIPPING COMPANY LIMITED,
WATERFRONT SHIPPING CORPORATION,
LSP TANKERS CORPORATION,
SILVERSTONE ENTERPRISES CORPORATION,
THEOTOKOS MARITIME COMPANY LIMITED, and
HARTFORT FINANCE INCORPORATED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPRINGSEA MARITIME CORPORATION, CYCLADES SHIPPING COMPANY LIMITED, WATERFRONT SHIPPING CORPORATION, LSP TANKERS CORPORATION, SILVERSTONE ENTERPRISES CORPORATION, THEOTOKOS MARITIME COMPANY LIMITED, and HARTFORT FINANCE INCORPORATED,<br><br>                    Plaintiffs,<br><br>     -against-<br><br>INTERNATIONAL OIL OVERSEAS, INC., a/k/a IOOI, a/k/a INTERNATIONAL OIL OVERSEAS INCORPORATION, MARINA WORLD SHIPPING CORP., GRESHAM WORLD SHIPPING CORP., TARAZONA SHIPPING CO., S.A., QUOIN ISLAND MARINE WL, BAKRI TRADING COMPANY INC., SCHIFF HOLDING CO. S.A., and TRANS MEDITERRANEAN SHIPPING INC.,<br><br>                    Defendants. | <u>ECF CASE</u><br><br>11 Civ. 7821 (JGK)<br><br>**<u>FIRST AMENDED<br>VERIFIED COMPLAINT</u>** |

Plaintiffs SPRINGSEA MARITIME CORPORATION ("SPRINGSEA"), CYCLADES

SHIPPING COMPANY LIMITED ("CYCLADES"), WATERFRONT SHIPPING

CORPORATION ("WATERFRONT"), LSP TANKERS CORPORATION ("LSP TANKERS"), SILVERSTONE ENTERPRISES CORPORATION ("SILVERSTONE"), THEOTOKOS MARITIME COMPANY LIMITED ("THEOTOKOS"), and HARTFORT FINANCE INCORPORATED ("HARTFORT"), by their attorneys, Lyons & Flood, LLP, as and for their First Amended Verified Complaint against defendants, INTERNATIONAL OIL OVERSEAS, INC., a/k/a IOOI, a/k/a INTERNATIONAL OIL OVERSEAS INCORPORATION ("IOOI"), MARINA WORLD SHIPPING CORP. ("MWS"), GRESHAM WORLD SHIPPING CORP. ("GWS"), TARAZONA SHIPPING CO., S.A. ("TSC"), QUOIN ISLAND MARINE WL ("QIM"), BAKRI TRADING COMPANY INC. ("BTC"), SCHIFF HOLDING CO. S.A. ("SHC"), and TRANS MEDITERRANEAN SHIPPING INC. ("TMS") alleges upon information and belief as follows:

## PARTIES AND JURISDICTION

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 USC §§ 1331 and 1333.  Subject matter jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1 *et seq.*

2.     At all material times, plaintiff SPRINGSEA was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Liberia, and was and is the owner of the M/T VENTURE.

3. At all material times, plaintiff CYCLADES was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Malta and was and is the owner of the M/T AGAPI.

4. At all material times, plaintiff WATERFRONT was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Liberia and was and is the owner of the M/T GOLDEN GATE.

5. At all material times, plaintiff LSP TANKERS was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Liberia and was the owner of the M/T KEIKO.

6. At all material times, plaintiff SILVERSTONE was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Liberia and was and is the owner of the M/T ATLAS.

7. At all material times, plaintiff THEOTOKOS was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Malta and was the owner of the M/T LEON.

8. At all material times, plaintiff HARTFORT was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Liberia and was and is the owner of the M/T ILIAD.

9. Upon information and belief, at all material times, defendant IOOI was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Saudi Arabia, and was the charterer of the vessels M/T VENTURE, M/T AGAPI, M/T GOLDEN GATE, M/T KEIKO, M/T ATLAS, M/T LEON, and M/T ILIAD.

10.     Upon information and belief, at all material times, defendants MWS, GWS, TSC, QIM, BTC, SHC, and TMS were and still are corporations organized and existing under the laws of foreign countries, and were and still are trade names, aliases, alter egos, paying agents, receiving agents, and/or joint venturers of defendant IOOI.  (See Rule B(1) Declaration accompanying the First Amended Verified Complaint for factual background of alter ego allegations).

## FIRST CAUSE OF ACTION REGARDING THE M/T VENTURE

11.     SPRINGSEA repeats and re-alleges the allegations contained in paragraphs 1 through 10 of the First Amended Verified Complaint as if set forth separately herein.

12.     By voyage charter dated October 21, 1995, defendant IOOI chartered the M/T VENTURE from plaintiff SPRINGSEA (the "VENTURE CHARTER").  (A copy of the VENTURE CHARTER is annexed hereto as Exhibit "A.")

13.     During the performance of the VENTURE CHARTER, disputes arose between defendant IOOI and plaintiff SPRINGSEA, and plaintiff SPRINGSEA claimed losses, *inter alia*, stemming from unpaid demurrage in the amount of approximately $38,729.16.  (See invoice and other supporting materials annexed hereto as Exhibit "B").

14.     Defendant IOOI has failed to pay the demurrage payments due and owing to plaintiff SPRINGSEA under the VENTURE CHARTER.

15.     By voyage charter dated February 5, 1999, defendant IOOI chartered the M/T VENTURE from plaintiff SPRINGSEA (the "SECOND VENTURE CHARTER").  (A copy of the SECOND VENTURE CHARTER is annexed hereto as Exhibit "C.")

16.     During the performance of the SECOND VENTURE CHARTER, disputes arose between defendant IOOI and plaintiff SPRINGSEA, and plaintiff SPRINGSEA claimed losses,

*inter alia*, stemming from unpaid demurrage in the amount of approximately $14,461.79.  (See invoice and other supporting materials annexed hereto as Exhibit "D").

17. Defendant IOOI has failed to pay the demurrage payments due and owing to plaintiff SPRINGSEA under the SECOND VENTURE CHARTER.

18. Thus, plaintiff SPRINGSEA has incurred damages of approximately $53,190.95, exclusive of interests and costs, as nearly as now can be calculated.

## SECOND CAUSE OF ACTION REGARDING THE M/T AGAPI

19. CYCLADES repeats and re-alleges the allegations contained in paragraphs 1 through 10 of the First Amended Verified Complaint as if set forth separately herein.

20. By voyage charter dated October 21, 1995, defendant IOOI chartered the M/T AGAPI from plaintiff CYCLADES (the "AGAPI CHARTER").  (A copy of the AGAPI CHARTER is annexed hereto as Exhibit "E.")

21. During the performance of the AGAPI CHARTER, disputes arose between defendant IOOI and plaintiff CYCLADES, and plaintiff CYCLADES claimed losses, *inter alia*, stemming from unpaid demurrage in the amount of approximately $23,298.61.  (See invoice and other supporting materials annexed hereto as Exhibit "F").

22. Defendant IOOI has failed to pay the demurrage payments due and owing to plaintiff CYCLADES under the AGAPI CHARTER.

23. Thus, plaintiff CYCLADES has incurred damages of approximately $23,298.61, exclusive of interests and costs, as nearly as now can be calculated.

## THIRD CAUSE OF ACTION REGARDING THE M/T GOLDEN GATE

24. WATERFRONT repeats and re-alleges the allegations contained in paragraphs 1 through 10 of the First Amended Verified Complaint as if set forth separately herein.

25. By voyage charter dated May 5, 1996, defendant IOOI chartered the M/T GOLDEN GATE from plaintiff WATERFRONT (the "GOLDEN GATE CHARTER"). (A copy of the GOLDEN GATE CHARTER is annexed hereto as Exhibit "G.")

26. During the performance of the GOLDEN GATE CHARTER, disputes arose between defendant IOOI and plaintiff WATERFRONT, and plaintiff WATERFRONT claimed losses, *inter alia*, stemming from unpaid demurrage in the amount of approximately $47,864.12. (See invoice and other supporting materials annexed hereto as Exhibit "H").

27. Defendant IOOI has failed to pay the demurrage payments due and owing to plaintiff WATERFRONT under the GOLDEN GATE CHARTER.

28. Thus, plaintiff WATERFRONT has incurred damages of approximately $47,864.12, exclusive of interests and costs, as nearly as now can be calculated.

## FOURTH CAUSE OF ACTION REGARDING THE M/T KEIKO

29. LSP TANKERS repeats and re-alleges the allegations contained in paragraphs 1 through 10 of the First Amended Verified Complaint as if set forth separately herein.

30. By voyage charter dated November 19, 1996, as amended on December 31, 1996, defendant IOOI chartered the M/T KEIKO from plaintiff LSP TANKERS (the "KEIKO CHARTER"). (A copy of the KEIKO CHARTER is annexed hereto as Exhibit "I.")

31. During the performance of the KEIKO CHARTER, disputes arose between defendant IOOI and plaintiff LSP TANKERS, and plaintiff LSP TANKERS claimed losses, *inter alia*, stemming from unpaid demurrage in the amount of approximately $13,378.04. (See invoice and other supporting materials annexed hereto as Exhibit "J").

32. Defendant IOOI has failed to pay the demurrage payments due and owing to plaintiff LSP TANKERS under the KEIKO CHARTER.

33. Thus, plaintiff LSP TANKERS has incurred damages of approximately $13,378.04, exclusive of interests and costs, as nearly as now can be calculated.

### FIFTH CAUSE OF ACTION REGARDING THE M/T ATLAS

34. SILVERSTONE repeats and re-alleges the allegations contained in paragraphs 1 through 10 of the First Amended Verified Complaint as if set forth separately herein.

35. By voyage charter dated May 20, 1997, defendant IOOI chartered the M/T ATLAS from plaintiff SILVERSTONE (the "ATLAS CHARTER").

36. During the performance of the ATLAS CHARTER, disputes arose between defendant IOOI and plaintiff SILVERSTONE, and plaintiff SILVERSTONE claimed losses, *inter alia*, stemming from unpaid demurrage in the amount of approximately $29,574.99.  (See invoice and other supporting materials annexed hereto as Exhibit "K").

37. Defendant IOOI has failed to pay the demurrage payments due and owing to plaintiff SILVERSTONE under the ATLAS CHARTER.

38. By voyage charter dated July 11, 1997, defendant IOOI chartered the M/T ATLAS from plaintiff SILVERSTONE for a second voyage (the "SECOND ATLAS CHARTER").  (A copy of the SECOND ATLAS CHARTER is annexed hereto as Exhibit "L.")

39. During the performance of the SECOND ATLAS CHARTER, disputes arose between defendant IOOI and plaintiff SILVERSTONE, and plaintiff SILVERSTONE claimed losses, *inter alia*, stemming from unpaid demurrage in the amount of approximately $27,162.98.  (See invoice and other supporting materials annexed hereto as Exhibit "M").

40. Defendant IOOI has failed to pay the demurrage payments due and owing to plaintiff SILVERSTONE under the SECOND ATLAS CHARTER.

41. Thus, plaintiff SILVERSTONE has incurred damages of approximately $56,737.97, exclusive of interests and costs, as nearly as now can be calculated.

### SIXTH CAUSE OF ACTION REGARDING THE M/T LEON

42. THEOTOKOS repeats and re-alleges the allegations contained in paragraphs 1 through 10 of the First Amended Verified Complaint as if set forth separately herein.

43. By voyage charter dated February 16, 1999, defendant IOOI chartered the M/T LEON from plaintiff THEOTOKOS (the "LEON CHARTER"). (A copy of the LEON CHARTER is annexed hereto as Exhibit "N.")

44. During the performance of the LEON CHARTER, disputes arose between defendant IOOI and plaintiff THEOTOKOS, and plaintiff THEOTOKOS claimed losses, *inter alia*, stemming from unpaid demurrage in the amount of approximately $13,834.64. (See invoice and other supporting materials annexed hereto as Exhibit "O").

45. Defendant IOOI has failed to pay the demurrage payments due and owing to plaintiff THEOTOKOS under the LEON CHARTER.

46. Thus, plaintiff THEOTOKOS has incurred damages of approximately $13,834.64, exclusive of interests and costs, as nearly as now can be calculated.

### SEVENTH CAUSE OF ACTION REGARDING THE M/T ILIAD

47. HARTFORT repeats and re-alleges the allegations contained in paragraphs 1 through 10 of the First Amended Verified Complaint as if set forth separately herein.

48. By voyage charter dated December 31, 1996, defendant IOOI chartered the M/T ILIAD from plaintiff HARTFORT (the "ILIAD CHARTER"). (A copy of the ILIAD CHARTER is annexed hereto as Exhibit "P.")

49. During the performance of the ILIAD CHARTER, disputes arose between

defendant IOOI and plaintiff HARTFORT, and plaintiff HARTFORT claimed losses, *inter alia*, stemming from unpaid demurrage in the amount of approximately $16,055.61.  (See invoice and other supporting materials annexed hereto as Exhibit "Q").

50. Defendant IOOI has failed to pay the demurrage payments due and owing to plaintiff HARTFORT under the ILIAD CHARTER.

51. Thus, plaintiff HARTFORT has incurred damages of approximately $16,055.61, exclusive of interests and costs, as nearly as now can be calculated.

## ARBITRATION, INTEREST, AND COSTS

52. Pursuant to the VENTURE CHARTER, SECOND VENTURE CHARTER, AGAPI CHARTER, GOLDEN GATE CHARTER, KEIKO CHARTER, ATLAS CHARTER, SECOND ATLAS CHARTER, LEON CHARTER, and ILIAD CHARTER disputes between plaintiffs and defendants are subject to English law and permit resolution via London arbitration.

53. Plaintiffs SPRINGSEA, CYCLADES, WATERFRONT, LSP TANKERS, SILVERSTONE, and HARTFORT have commenced arbitration with respect to the disputes concerning the VENTURE CHARTER, AGAPI CHARTER, GOLDEN GATE CHARTER, KEIKO CHARTER, ATLAS CHARTER, and ILIAD CHARTER.

54. Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

55. Under English law, plaintiffs would expect an London arbitration tribunal to award interest on the principal amount awarded at a rate of approximately 4.5% per annum. Plaintiffs have therefore calculated interest on the sums set forth in paragraph ¶ 59 of the First Amended Verified Complaint herein based on that interest rate.

56. Under English law, plaintiffs would also expect a London arbitration tribunal to award the legal costs of arbitration against defendants. These legal costs would include plaintiffs' English solicitors' legal fees, experts' fees, barristers' fees in relation to the arbitration hearing, costs associated with the arbitration hearing itself, and travel costs and expenses for witnesses attending the hearing.

57. The defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, but upon information and belief, defendants have, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court held in the hands of garnishees, which are believed to be due and owing to defendants.

58. Specifically, on or about October 19, 2011, the defendants MWS, GWS, TSC, QIM, BTC, SHC, and TMS entered an appearance in the proceeding captioned *Andros Maritime Company Limited v. International Oil Overseas, Inc. et al.*, and docketed as 11 Civ. 1657 (WHP) and deposited the sum of $180,000.00 with the Clerk of the Court as custodian of the Court Registry Investment System. Defendants MWS, GWS, TSC, QIM, BTC, SHC, and TMS have an attachable property interest in the $180,000.00 which remains on deposit and is presently serving as security for a default judgment obtained against the defendants by petitioner Andros Maritime Company Limited.

59. Plaintiffs hereby demand:

    (a) Payment of $53,190.95 as security for the past due demurrage payments due and owing to plaintiff SPRINGSEA under the VENTURE CHARTER and SECOND VENTURE CHARTER;

(b) Payment of $23,298.61 as security for the past due demurrage payments due and owing to plaintiff CYCLADES under the AGAPI CHARTER;

(c) Payment of $47,864.12 as security for the past due demurrage payments due and owing to plaintiff WATERFRONT under the GOLDEN GATE CHARTER;

(d) Payment of $13,378.04 as security for the past due demurrage payments due and owing to plaintiff LSP TANKERS under the KEIKO CHARTER;

(e) Payment of $56,737.97 as security for the past due demurrage payments due and owing to plaintiff SILVERSTONE under the ATLAS CHARTER and SECOND ATLAS CHARTER;

(f) Payment of $13,834.64 as security for the past due demurrage payments due and owing to plaintiff THEOTOKOS under the LEON CHARTER;

(g) Payment of $16,055.61 as security for the past due demurrage payments due and owing to plaintiff HARTFORT under the ILIAD CHARTER;

(h) Payment of $201,286.25 as security to cover estimated interest on the amounts in paragraphs (a) through (g) above as recoverable under English law (Computed as follows: $39,595.54 with respect to the VENTURE CHARTER, $10,063.69 with respect to the SECOND VENTURE CHARTER, $23,819.80 with respect to the AGAPI CHARTER, $44,766.47 with respect to the GOLDEN GATE CHARTER, $11,397.35 with respect to the KEIKO CHARTER, $25,196.26 with respect to the ATLAS CHARTER, $23,141.36 with respect to the SECOND ATLAS CHARTER, $9,627.27 with respect to the LEON CHARTER, and

      $13,678.50 with respect to the ILIAD CHARTER).  Plaintiffs reserve the right to amend the demand herein in the event the amounts in paragraphs (a) through (g) above increase over time; and

(i) Payment of $70,000.00 as security to cover the estimated legal costs which have been incurred or will be incurred in connection with the London arbitration as recoverable under English law.  Plaintiffs reserve the right to amend the demand in the event the legal costs increase over time.

**TOTAL $495,646.19**

 WHEREFORE, plaintiffs pray that:

 a. process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendants citing them to appear and answer under oath all and singular the matters alleged;

 b. since defendants cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all of the defendants' tangible or intangible property in this District or claimed by or being held for, belonging to, due or being transferred to, from, or for the benefit of defendants by any garnishees within this District, in the amount of $495,646.19 to secure plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

    c.    this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

    d.    judgment be entered by this Court in favor of plaintiffs and against defendants enforcing and recognizing any Oslo arbitration award(s) or judgment(s) that may be rendered on the claims set forth herein; and

    e.    plaintiffs have such other, further, and different relief as this Court may deem just and proper.

Dated this 5th day of December, 2011, at New York, New York.

> LYONS & FLOOD, LLP
> Attorneys for plaintiffs
> SPRINGSEA MARITIME CORPORATION,
> CYCLADES SHIPPING COMPANY LIMITED,
> WATERFRONT SHIPPING CORPORATION,
> LSP TANKERS CORPORATION,
> SILVERSTONE ENTERPRISES
> CORPORATION, THEOTOKOS MARITIME
> COMPANY LIMITED, and HARTFORT
> FINANCE INCORPORATED
>
> By: _/s/ Kirk M. Lyons_
> Kirk M. Lyons
> Jon Werner
> 65 West 36th Street, 7th Floor
> New York, New York 10018
> (212) 594-2400

U:\kmhldocs\2600052\Legal\First Amended Verified Complaint.doc

## VERIFICATION

Kirk M. Lyons, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiffs SPRINGSEA MARITIME CORPORATION, CYCLADES SHIPPING COMPANY LIMITED, WATERFRONT SHIPPING CORPORATION, LSP TANKERS CORPORATION, SILVERSTONE ENTERPRISES CORPORATION, THEOTOKOS MARITIME COMPANY LIMITED, and HARTFORT FINANCE INCORPORATED, in the within action; I have read the foregoing First Amended Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiffs, is because there are no officers of plaintiffs now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of December, 2011, at New York, New York.

_____
Kirk M. Lyons

U:\kmhldocs\2600052\Legal\First Amended Verified Complaint.doc