**MEMO ENDORSED**



# LYONS ✦ FLOOD

**Kirk M. Lyons**
E-Mail: klyons@lyons-flood.com

ADMITTED IN NEW YORK,
CONNECTICUT, NEW JERSEY
& MASSACHUSETTS

*Attorneys At Law*

Lyons & Flood LLP
65 West 36th Street, 7th Floor
New York, NY 10018
TEL (212) 594-2400
FAX (212) 594-4589
www.lyons-flood.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/20/12

June 15, 2012



RECEIVED JUN 1 8 2012 JUDGE KAPLAN'S CHAMBERS

**BY MESSENGER**

The Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   Roxy, Inc., *et al.* v. International Oil Overseas, Inc., *et al.*
      12 Civ. 3625 (LAK)

      Springsea Maritime Corp., *et al.* v. International Oil Overseas, Inc., *et al.*
      11 Civ. 7821 (JGK)
      Our file: 2600052

Dear Judge Kaplan:

    We are attorneys for plaintiffs Springsea Maritime Corporation, Cyclades Shipping Company Limited, Waterfront Shipping Corporation, LSP Tankers Corporation, Silverstone Enterprises Corporation, Theotokos Maritime Company Limited, and Hartfort Finance Incorporated (the "Springsea Plaintiffs") in an action pending in this Court before the Honorable John G. Koeltl, entitled *Springsea Maritime Corporation, et al. v. International Oil Overseas, Inc., et al.*, 11 Civ. 7821 (JGK) (the "Springsea Action").

    In the Springsea Action, funds in the amount of $180,000.00 previously deposited with the Clerk of the Court (the "Funds") in connection with *Andros Maritime Co. Ltd. v. International Oil Overseas, Inc., et al.*, 11 Civ. 1657 (WHP) (the "Andros Maritime Action"), were attached by the Springsea Plaintiffs on November 2, 2011 (Springsea Action, Docket no. 3). The initial attachment order in the Springsea Action was supplemented on December 5, 2011 (Springsea Action, Docket no. 7). Both the initial and supplemental attachment orders were promptly served on the Clerk of the Court. (Springsea Action, Docket nos. 4, 5, and 8).

On January 11, 2012, the Andros Maritime Action was settled, dismissed, and the Funds released by Judge Pauley, subject to the Springsea Action attachment orders. (Andros Maritime Action, Docket no. 61).

On May 8, 2012, petitioners in this action sought and obtained an Order to Show Cause and Temporary Restraining Order (Docket no. 3 – "OSC") which directed respondents to show cause, *inter alia*:

> *(1) why an Order of Attachment pursuant to N.Y.C.P.L.R. §§ 6201 and 6210 should not be issued enjoining the Clerk of the Court from transferring, releasing, remitting, distributing or otherwise paying out the sum of $180,000.00 that was deposited with the Clerk of the Court on or about October 19, 2011, in connection with [the Andros Maritime Action], ... and currently remains with the Clerk of the Court pursuant to an order of maritime attachment entered [in the Springsea Action];*
>
> *(2) ...*
>
> *(3) why an Order should not be entered directing the Clerk of the Court to turn over the [Funds] in partial satisfaction of Petitioners' Judgment; ...*

The purpose of this letter is to advise Your Honor that the Springsea Plaintiffs respectfully submit that Judge Koeltl has exclusive jurisdiction over the Funds and that this Court should therefore refrain from issuing any orders capable of affecting the Springsea Plaintiffs' exclusive rights to the Funds. Alternatively, if it is found that they do not have exclusive rights to the Funds, the Springsea Plaintiffs respectfully submit that they have first priority to the Funds because they were the first to attach them.

As such, the Springsea Plaintiffs respectfully request that the Court refrain from issuing a decision in regard to the OSC issued in this action (Docket no. 3 herein) in order to afford them an opportunity to formally move this Court to stay issuance of any orders that would affect their exclusive rights to the Funds or, alternatively, to stay issuance of any orders that would affect their priority rights to the Funds.

### Exclusive Rights to the Funds

It is well-settled that where there are two actions requiring two courts to simultaneously possess or control property *in rem* or *quasi-in-rem*, "one court must of necessity yield to that of the other." *Penn Gen. Cas. Co. v. Schnader*, 294 U.S. 189, 195 (1935). The general rule in both federal and state courts under such circumstances is "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Id.*

Here, Judge Koeltl obtained jurisdiction over the Funds *quasi-in-rem* when the Springsea Plaintiffs' served the initial and supplemental attachment orders on the Clerk of the Court in November 2011 and December 2011, long before petitioners in this action filed suit on May 8,

2012. As a result, the Springsea Plaintiffs respectfully submit that they have exclusive rights to the Funds.

### Priority Rights to the Funds

Alternatively, in the event it is found that they do not have exclusive rights to the Funds, the Springsea Plaintiffs respectfully claim priority rights to the Funds. It is also well-established that the first creditor to attach property has priority over subsequent attaching creditors. *Triton Container International, Ltd. v. Baltic Shipping Company*, 1995 U.S. Dist. LEXIS 15443, at *6 (E.D. La. Oct. 12, 1995); *Starboard Venture Shipping, Inc. v. Casinomar Transportation, Inc.*, 1993 U.S. Dist. LEXIS 15891 (S.D.N.Y. Nov. 9, 1993) (Sotomayor, J.); G. GILMORE & C. BLACK, THE LAW OF ADMIRALTY 481 (1957).

Since there is no dispute that the Springsea Plaintiffs were the first attaching creditors, they are entitled to priority to the Funds over petitioners in this action.

For these reasons, the Springsea Plaintiffs respectfully request until June 29, 2012, to file a formal motion in this action seeking a stay of issuance of any orders that would affect their exclusive rights to the Funds or, alternatively, a stay of issuance of any orders that would affect their priority rights to the Funds.

We thank you for your attention to this matter.

Respectfully yours,

**Lyons & Flood, LLP**

By: _/s/ Kirk M. Lyons_
Kirk M. Lyons

**BY MESSENGER**

Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

SO ORDERED
_/s/ Lewis A. Kaplan_
LEWIS A. KAPLAN, USDJ
6/20/12

- 3 -

**BY E-MAIL**

Brown Gavalas & Fromm LLP
355 Lexington Avenue
New York, NY 10017

Attn.: Peter Skoufalos, Esq.          **pskoufalos@browngavalas.com**
      Patrick R. O'Mea, Esq.          **pro@browngavalas.com**

Freehill, Hogan & Mahar, LLP
80 Pine Street
New York, NY 10005

Attn.: Michael E. Unger, Esq.          **unger@freehill.com**
      Lawrence J. Kahn, Esq.          **kahn@freehill.com**

U:\kmhldocs\2600052\Correspondence\Kaplan 01 ltr (MAN revs).doc